[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10441

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NESBIT ANDREW WILLHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00520-SDM-CPT-1

_____

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Nesbit Willhite, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.[2]

In 2017, Willhite pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Willhite is serving a sentence of 168 months' imprisonment.

In 2020, Willhite moved *pro se* for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[3] Willhite sought relief based on the COVID-19 pandemic. Willhite said his medical conditions (including hypertension,

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] After the close of briefing in this appeal, Willhite moved *pro se* to supplement his appeal with "new circumstances" he says arose while this appeal was pending. Willhite's "Motion to Supplement" is DENIED.

[3] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

21-10441                  Opinion of the Court                      3

hyperlipidemia, obesity, and diabetes with neuropathy in his legs) put him at increased risk of serious illness if he were to contract COVID-19. Willhite also alleged that the conditions in his prison facility prevented him from taking effective precautions against infection.

The district court denied Willhite's motion for compassionate release.[4] In particular, the district court determined that Willhite failed to show that he would present no danger to the community. The district court found that Willhite's "previous felony drug history, his violating the conditions of his bond while awaiting sentencing in this action, and his possession and use of weapons during his drug offenses provide clear and convincing evidence that he is a danger." The district court later denied Willhite's motion for reconsideration.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

---

[4] The district court also construed Willhite's motion as seeking home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2) (2020). On appeal, Willhite raises no challenge to the district court's denial of relief under the CARES Act.

4                    Opinion of the Court                    21-10441

As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). Pertinent to this appeal, section 1B1.13 provides that the district court may reduce a term of imprisonment if the court determines that "the defendant is not a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2); *id.* comment. (n.1).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir.

21-10441                Opinion of the Court                    5

2021).  If the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions.  *Id.* at 1237-38, 1240.

On appeal, Willhite argues that the district court relied impermissibly on U.S.S.G. § 1B1.13 in denying his motion for compassionate release.  Relying on caselaw from the Sixth Circuit, Willhite asserts that the policy statement in section 1B1.13 is inapplicable to prisoner-filed compassionate-release motions.  Willhite also contends that the district court failed to consider adequately his good conduct while in prison, his assignment to minimum security housing, and his classification as having a minimal risk of recidivism.

Willhite's argument that the district court erred in applying the policy statement in U.S.S.G. § 1B1.13 to a prisoner-filed motion is foreclosed by our decision in *Bryant*.  *See Bryant*, 996 F.3d at 1247 (concluding that section 1B1.13 remains the applicable policy statement for all motions filed under section 3582(c)(1)(A), including those filed by prisoners).

The district court abused no discretion in denying compassionate release based on a finding that Willhite would pose a danger to the community if released.  In determining the potential danger posed by a defendant, the court considers these kinds of factors: (1) the nature and circumstances of the offense, including whether the offense involved a controlled substance or a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's

history and characteristics, including his past conduct and criminal history; and (4) the nature and seriousness of the danger that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

Willhite is currently serving a sentence for a drug-trafficking offense.  According to the undisputed facts in the Presentence Investigation Report, Willhite's offense involved over 1.5 kilograms of methamphetamine and distribution-level quantities of other controlled substances.  Willhite also possessed unlawfully three guns and ammunition in furtherance of his drug-trafficking activities.  That Willhite has a prior drug-trafficking conviction -- and that Willhite violated the conditions of his bond prior to sentencing in this case by storing narcotics at his residence -- also support a finding of dangerousness.  Given the serious nature of Willhite's offense and Willhite's criminal history, we cannot say that the district court clearly erred in finding that Willhite posed a danger.  That the district court afforded more weight to Willhite's history and characteristics than the court did to mitigating factors is no abuse of discretion.  *Cf. United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (stating that the weight given to a particular sentencing factor "is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (quotations and alteration omitted)).

We affirm the denial of Willhite's motion for compassionate release.

AFFIRMED.